UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. LAMB,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:21-cv-01636-HBK<br><br>OPINION AND ORDER TO REMAND CASE TO COMMISSIONER[1]<br><br>(Doc. No. 19, 22) |

Michael L. Lamb ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 19, 22-23). For the reasons stated , the Court orders this matter REMANDED for further administrative proceedings.

## I.   JURISDICTION

Plaintiff filed for supplemental security income on November 30, 2002. (AR 169).

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

Benefits were awarded as of March 28, 2001, in a decision dated April 21, 2003. (AR 169, 649). On December 28, 2016, after a periodic review, it was determined that Plaintiff was no longer disabled as of December 1, 2016. (AR 197-99). Plaintiff filed a request for reconsideration on March 8, 2017. (AR 203-04). After a hearing by a state agency hearing office, the decision was upheld on November 16, 2017. (AR 221-32). Plaintiff requested further review and appeared before an Administrative Law ("ALJ") on November 7, 2018. (AR 89-168). Plaintiff was represented by counsel and testified at the hearing. (*Id*.). On January 2, 2019, the ALJ issued an unfavorable decision (AR 8-22), and on February 5, 2020, the Appeals Council denied review (AR 1-7).

On December 11, 2020, the United States District Court for the Northern District of California granted the parties' stipulated motion to remand the case for further proceedings. (AR 745-52). On February 23, 2021, the Appeals Council vacated the ALJ's finding and remanded for further administrative proceedings including the opportunity for a hearing. (AR 753-63). On June 28, 2021, Plaintiff appeared for an additional hearing before the ALJ. (AR 671-736). Plaintiff was represented by counsel and testified at the hearing. (*Id*.). On September 1, 2021, the ALJ issued an unfavorable decision. (AR 646-70). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.  BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 44 years old at the time of the 2021 hearing. (AR 683). He did not graduate high school but has a GED. (*Id*.). Plaintiff has no past relevant work. (AR 684-85). He lives with his mother. (*See* AR 878). Plaintiff testified that he has diabetic neuropathy and takes medicine to control his diabetes, and has had surgery for a cataract in his left eye. (AR 708-09, 711-12). He reported it takes him two to three hours to grocery shop by himself, he needs to be reminded to take his medication, and he gets "tired" of taking his medication because it is "tedious." (AR 723-24).

Plaintiff's mother provided a written declaration on July 7, 2021 stating that Plaintiff has diarrhea and nausea at times and when he does not make it to the bathroom he leaves the mess for her to clean up; he "hoards everything"; he does his laundry once every 3-4 months and wears the same outfit for an entire week; he will not allow her to do his laundry because she will not wash it twice; he showers once a week for 3 hours; he washes his sandals in the dishwasher; he put his clothes in the freezer after the cat "touched them"; he always recooks things in the microwave if she touches it because it is not "clean enough"; and he mostly stays in his room.  (AR 877-78).

### III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

////

////

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a multi-step sequential evaluation process for determining whether a person's disability has ended. 20 C.F.R. §§ 404.1594(f), 416.994(b)(5). This multi-step continuing disability review process is similar to the five-step sequential evaluation process used to evaluate initial claims, with additional attention as to whether there has been medical improvement. Compare 20 C.F.R. § 404.1520 and 416.920 with § 404.1594(f) and 416.994(b)(5), respectively. A claimant is disabled only if his impairment is "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Determination of whether a person's eligibility has ended for disability benefits involves an eight-step process under Title II and a seven-step process under Title XVI. 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i)-(vii). The Title XVI process is identical to the Title II process, except for the consideration of substantial gainful activity at the beginning of the disability insurance process and not during the Title XVI process. These otherwise identical steps are broadly summarized as follows.

The first step determines whether the claimant has an impairment or combination of impairments that meet or equal the severity of listed impairments set forth at 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. §§ 416.920(d), 416.994(b)(5)(i). If the impairment does not equal a listed impairment, the second step addresses whether there has been medical improvement in the claimant's condition. 20 C.F.R. § 416.994(b)(5)(ii). Medical improvement is "any decrease in the medical severity" of the impairment that was present at the time the individual was disabled or continued to be disabled. 20 C.F.R. § 416.994(b)(1)(i). If there has been medical improvement, at step three, a determination is made whether such improvement is related to the claimant's ability to perform work—that is, whether there has been an increase in the individual's residual functional capacity. 20 C.F.R. § 416.994(b)(iii). If the answer to step three is yes, the Commissioner skips to step five and inquires whether all of the claimant's current impairments in combination are severe.

If there has been no medical improvement or medical improvement is not related to the claimant's ability to work, the evaluation proceeds to step four. At step four, consideration is given to whether the case meets any of the special exceptions to medical improvement for determining that disability has ceased. 20 C.F.R. § 416.994(b)(5)(iv). At step five, if medical improvement is shown to be related to the claimant's ability to work, a determination will be made to assess whether the claimant's current impairments in combination are severe—that is, whether they impose more than a minimal limitation on his physical or mental ability to perform basic work activities. 20 C.F.R. § 416.994(b)(5)(v). If the answer to that inquiry is yes, at step six the ALJ must determine whether the claimant can perform past relevant work. 20 C.F.R. §§ 416.994(b)(5)(vi), 416.920(e); SSR 82-61, *available at* 1982 WL 31387.

Finally, at step seven, if the claimant cannot perform past relevant work, a limited burden of production shifts to the Commissioner to prove there is alternative work in the national economy that the claimant can perform given his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.994(b)(5)(vii). If the claimant cannot perform a significant number of other jobs, he remains disabled despite medical improvement; if, however, he can perform a significant number of other jobs, disability ceases. *Id*.

Prior to the final step, the burden to prove disability and continuing entitlement to disability benefits is on the claimant. 20 C.F.R. § 416.994; *cf. Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The Commissioner must consider all evidence without regard to prior findings and there must be substantial evidence that medical improvement has occurred. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4). The Commissioner views the evidence in a continuing disability review from a neutral perspective, without any initial inference as to the existence of disability being drawn from a prior finding of disability. 42 U.S.C. §§ 423(f)(1), 1382c(a)(4). If the analysis proceeds to step seven, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." *Cf. Bowen v. Yuckert*, 482 U.S. at 146 n. 5; and *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (applying the same burden at the initial disability determination).

////

## V.  ALJ'S FINDINGS

Initially, the ALJ found that Plaintiff had the following medically determinable impairments at the time of the comparison point decision (CPD)[2] on April 21, 2003: anxiety related disorders. (AR 652). The ALJ noted that since December 1, 2016, the claimant has had the following medically determinable impairments: obsessive-compulsive disorder; generalized anxiety disorder; unspecified depressive disorder; attention-deficit disorder; type 2 diabetes mellitus; obesity; and cataract of the left eye, status post extraction. (AR 652). At step one, the ALJ found that since December 1, 2016, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. (AR 652). At step two, the ALJ found medical improvement occurred on December 1, 2016. (AR 654). At step three, the ALJ found Plaintiff's medical improvement was related to his ability to work because by the CPD his impairments no longer met or medically equaled the same listing that was met at the time of the CPD. (AR 655). Thus, the ALJ skipped to step five and found that since December 1, 2016, Plaintiff has continued to have a severe impairment or combination of impairments. (AR 655). At step six, the ALJ found that, since December 1, 2016, Plaintiff had the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) except with the following limitations. Lift and carry are 20 pounds occasionally and 10 pounds frequently. Stand and walk is 6 out of 8 hours. Sit is 6 out of 8 hours. He can occasionally climb stairs and ramps, never climb ladders, scaffolds, and ropes, and can occasionally balance, stoop, kneel, crouch, and crawl. Reaching, handling, and fingering are all frequent bilaterally. There are no limits on hearing, seeing, and speaking. He should avoid exposure to extremes of heat; however, there are no limits with regard to wet, noise, vibration, fumes, dust, odors, and gases. He should never work off unprotected heights nor large, dangerous, moving machinery. He can do simple, routine tasks but cannot do detailed tasks and cannot do complex tasks. He can relate appropriately with the public but only occasionally. He can relate appropriately with supervisors but only occasionally. He can relate appropriately with co-workers but only occasionally. In a work setting with simple, routine tasks, he can respond appropriately to work pressures, can sustain routine and regular attendance, and can work a full day with only the usual

---

[2] As noted by the ALJ, the comparison point decision (CPD) is the most recent favorable medical decision finding Plaintiff was disabled. Here, that determination was dated April 21, 2003. (AR 50).

>breaks.  He can regulate emotions and control behavior.  He can respond appropriately to work changes.

(AR 656).  The ALJ then determined that Plaintiff has no past relevant work.  (AR 662).  Finally, at step seven, the ALJ found that since December 1, 2016, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff has been able to perform including cleaner, marker, and small products assembler.  (AR 663-64).  On that basis, the ALJ concluded that Plaintiff's disability ended on December 1, 2016, and Plaintiff has not become disabled again since that date.  (AR 664).

## V.      ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly found medical improvement as of December 1, 2016;
2.  Whether the ALJ properly considered Plaintiff's symptom claims;
3.  Whether the ALJ properly considered the lay witness testimony; and
4.  Whether the ALJ erred at step five.

(Doc. No. 19 at 14-30).  In response, Defendant filed a motion to remand conceding that the ALJ failed to properly consider the medical opinion evidence and failed to properly evaluate Plaintiff's obsessive compulsive disorder (OCD) in the entire record, including the lay testimony from Plaintiff's mother.  (Doc. No. 22 at 5-8).  Because Defendant agrees that remand is appropriate, the only issue before the Court is whether to remand for further proceedings or reverse and remand for award of benefits.

/////

## VI.      DISCUSSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed,"

7

*Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. Courts have credited evidence and remanded for an award of benefits where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) the record has been fully developed and there are no outstanding issues that must be resolved before a disability determination can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014); *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017); *Garrison*, 759 F.3d at 1020 (citations omitted).

However, even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) (it is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits."). Thus, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Plaintiff argues the Court should remand the case for immediate payment of benefits because the record is fully developed, and if the improperly rejected evidence is credited as true the ALJ "would be required to find [Plaintiff's] disability did not cease on 12/1/16 and that [Plaintiff] remains disabled." (Doc. No. 19 at 30 ("As in *Garrison*, there can be no 'serious doubt' that [Plaintiff] is disabled.")). Defendant concedes that the matter should be remanded, but argues it should be remanded for further administrative proceedings for several reasons. First,

Defendant argues remand is necessary because the ALJ incorrectly applied the revised regulations to evaluate medical opinion evidence. For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a)-(c) (identifying supportability and consistency as the most important factors, and therefore requiring the ALJ to explain how both factors were considered). In contrast, for claims filed before March 27, 2017, a treating physician's opinion generally carried more weight than an examining physician's opinion, and an examining physician's opinion carried more weight than a reviewing physician's opinion. 20 C.F.R. § 416.927(c); *see also Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("To reject an uncontradicted opinion of a treating or examining doctor, the ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.").

  As noted by Defendant,

> [t]he decision at issue in this case was made pursuant to a [Continuing Disability Review "CDR" conducted on December 28, 2016, that found Plaintiff was no longer disabled as of December 2016]. The agency issued revised instructions (which took effect on August 25, 2021, prior to the decision in this case) regarding which medical evidence rules apply in CDR cases. The instructions clarified that when a CDR is at issue, the ALJ must use the prior medical rules when (as here) the initial claim was filed before March 27, 2017, and there was no additional CDR after March 27, 2017. Here the relevant ALJ decision was issued on September 1, 2021, after the revised instructions took effect. Under the revised instructions, the ALJ was required to apply the older regulations, 20 C.F.R. § 416.927, to evaluate the medical opinion evidence. However, the ALJ incorrectly use the revised regulations when evaluating the medical opinions. Among other things, the ALJ

> assessed the persuasiveness of the medical opinions instead of assigning them weight. In addition, the ALJ did not analyze whether the opinion of Plaintiff's treating physician, Neha Chandra, M.D. was entitled to controlling weight, as required under the prior regulations.

(Doc. No. 22 at 6 (citing Hearings, Appeals, and Litigation Law Manual (HALLEX) I-5-3-30, § IV.E-F, *available at* 2017 WL 1362776, at *4-5). Plaintiff did not respond to this argument in his reply brief. (*See generally* Doc. No. 23).

In determining whether to credit the medical opinion evidence and remand for benefits, the first step is clearly met. As noted by Defendant, and unchallenged by Plaintiff, the ALJ incorrectly evaluated all of the medical opinion evidence under the revised regulations. However, as recently determined in *Thomas v. Saul*, 2021 WL 2646908 (C.D. Cal. Jun. 25, 2021), "[i]n conducting the second step, the Court considers whether there are inconsistencies between the improperly rejected evidence and the medical evidence in the record. Here, further administrative proceedings are necessary because the ALJ's analysis and opinion is derived from an application of the incorrect legal standard." *Thomas*, 2021 WL 2646908, at *3 (citing *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015)). As in *Thomas*, the Appeals Council in the instant case also explicitly instructed that the ALJ should apply the "old rules" in considering the medical opinion evidence, consistent with HALLEX I-5-3-30. (AR 756-57). The medical opinion evidence must be properly reevaluated under the correct legal standard on remand.

In his opening brief, Plaintiff argues the ALJ improperly found medical improvement as of December 1, 2016, in large part because the ALJ improperly relied on the medical expert opinion testimony, and "parsed the evidence and downplayed the significance of [Plaintiff's] obsessive compulsive disorder, and limitations." (Doc. No. 19 at 15-21). Plaintiff also argues the ALJ improperly rejected Plaintiff's testimony and his mother's lay witness testimony, and the ALJ's finding at step five is not supported by substantial evidence. (*Id*. at 21-31). Defendant concedes remand is necessary to properly evaluate Plaintiff's claimed impairment of OCD, including his own testimony and his mother's reports concerning that impairment. (Doc. No. 22 at 6-7). Because the analysis of medical improvement, Plaintiff's symptom claims, the lay witness testimony, and the findings at step five are dependent on the ALJ's reevaluation of the

medical opinion evidence and Plaintiff's claimed impairment of OCD, it is unnecessary for the Court to address these challenges here.

On reply, Plaintiff additionally argues this case should be remanded for immediate reinstatement of benefits because it has been previously remanded and Plaintiff has been waiting six years for a decision. (Doc. No. 23 at 18). The Court is sympathetic to further delay in resolution of Plaintiff's disability status; however, this alone cannot provide a basis to award benefits. *See Treichler*, 775 F.3d at 1106. For all of the reasons discussed *supra*, the Court finds that further administrative proceedings are appropriate. Defendant concedes the ALJ improperly considered Plaintiff's claimed impairment of OCD and all of the medical opinion evidence, which calls into question whether the finding of medical improvement, assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims and the lay witness testimony, particularly as to Plaintiff's OCD. The ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations, and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reevaluate whether medical improvement occurred, and, if necessary, reassess Plaintiff's RFC and take additional testimony from a vocational expert to include all the limitations credited by the ALJ.

////

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 19) is GRANTED in part.
2. Defendant's Motion to Remand (Doc. No. 22) is GRANTED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:     October 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE